UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT ARNAO,

                              Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                              Defendant.

---

No. 18-CV-6801 (KMK)

OPINION & ORDER

Appearances:

Christopher J. Bowes, Esq.
Law Office of Christopher James Bowes, Esq.
Shoreham, NY
*Counsel for Plaintiff*

Amanda F. Parsels, Esq.
Office of the U.S. Attorney for the
Southern District of New York
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

        Plaintiff Vincent Arnao ("Plaintiff") brought this Action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of the final decision of the Commissioner of the Social Security

Administration (the "Commissioner"), which denied his application for Social Security

Disability ("SSD") benefits.  (*See* Compl. 1–2 (Dkt. No. 1).)  Currently before the Court is

Plaintiff's unopposed motion seeking an award of $7,283.65 in attorney's fees and costs pursuant

to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion").  (*See* Not. of

Mot. (Dkt. No. 23).)  For the following reasons, Plaintiff's Motion is granted in part.

I.  Background

Plaintiff applied for SSD benefits on March 9, 2015, and the Social Security

Administration ("SSA") denied his application on May 12, 2015.  (Decl. of Christopher J. Bowes

in Supp. of EAJA Fees Mot. ("Bowes Decl.") ¶¶ 4–5 (Dkt. No. 24).)  Thereafter, Plaintiff

requested a hearing before an administrative law judge ("ALJ").  (*Id.* ¶ 5.)  Plaintiff appeared

with counsel before an ALJ via videoconference on February 2, 2017, but that ALJ ultimately

denied Plaintiff's application by decision dated July 5, 2017.  (*Id.* ¶¶ 6–7.)  Finally, Plaintiff

requested review by the SSA Appeals Council.  (*Id.* ¶ 8.)  The Appeals Council denied review on

May 23, 2018, and thereby made the ALJ's July 5, 2017 decision denying Plaintiff's SSD

application final.  (*Id.*)

On July 27, 2018, Plaintiff, through counsel, filed his Complaint initiating this Action.

(*See* Compl.)  In accordance with an order signed by Magistrate Judge Lisa M. Smith ("Judge

Smith"), (*see* Order (Dkt. No. 10)), and following a request for an extension of time, which

Judge Smith granted, (*see* Dkt. Nos. 11–12), Plaintiff filed a motion for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on July 19, 2019, (*see*

Dkt. Nos. 13–14).  After requesting an extension of time, which request Judge Smith granted,

(*see* Dkt. Nos. 15–16), the Commissioner filed a cross-motion for judgment on the pleadings on

August 23, 2019, (*see* Dkt. Nos. 17–18).  On October 17, 2020, this case was reassigned to

Magistrate Judge Andrew E. Krause ("Judge Krause").  (*See* Dkt. (entries dated Oct. 17, 2020).)

On May 10, 2021, Judge Krause issued an order in light of the Supreme Court's decision

in *Carr v. Saul*, 593 U.S. 83 (2021), directing the Parties "to meet and confer regarding whether

this case should [] be remanded to the Commissioner for a new hearing before a

constitutionally[-]appointed ALJ different from the ALJ who previously heard and adjudicated

Plaintiff's claim for benefits."  (Order (Dkt. No. 19).)  The Parties submitted a proposed

2

stipulation and order, agreeing that the Commissioner's prior decision on Plaintiff's SSD application should be reversed and that the case should be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  (*See* Proposed Stip. and Order (Dkt. No. 20).)  This Court signed the Parties' stipulation on May 28, 2021.  (*See* Stip. of Remand (Dkt. No. 21).)

On August 26, 2021, Plaintiff filed his Motion pursuant to the EAJA.  (*See* Not. of Mot.; Bowes Decl.)  In connection with the Motion, Plaintiff requested leave to defer filing a supporting memorandum of law.  (*See* Bowes Decl. ¶¶ 30–33.)  On January 13, 2022, Judge Krause issued an order directing Plaintiff to provide an update on "the status of settlement discussions" with the Commissioner and, if there was to be no settlement, to submit "a proposed briefing schedule for the [M]otion."  (*See* Order (Dkt. No. 25).)  On January 26, 2022, Plaintiff submitted a letter, which contained a proposed briefing schedule.  (*See* Letter from Christopher J. Bowes, Esq. to Judge Krause (Jan. 26, 2022) (Dkt. No. 26).)  Judge Krause adopted that briefing schedule, (*see* Order (Dkt. No. 27)), and Plaintiff submitted his memorandum of law in support of the Motion on January 27, 2022.  (*See* Mem. of Law in Supp. of EAJA Fees Mot. ("Pl. Mem.") (Dkt. No. 28).)  The Commissioner did not file an opposition.  (*See generally* Dkt.)

## II.  Discussion

### A.  Standard of Review

Under the EAJA "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Thus, eligibility for an EAJA fee award in any civil action requires: "(1) that the claimant be a 'prevailing party'; (2) that the [g]overnment's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28

U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (same); *Santiago v. Comm'r of Soc. Sec.*, No. 20-CV-11104, 2023 WL 21853, at *1 (S.D.N.Y. Jan. 3, 2023) (same).

To be considered a "prevailing party," a plaintiff "must achieve a material, judicially-sanctioned alteration of the legal relationship that favors [him]." *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 490 (S.D.N.Y. 2019) (citing *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 149 (2d Cir. 2009)). Notably, "[t]he Supreme Court has made clear that a claimant who has obtained a [] remand [pursuant to sentence four of 42 U.S.C. § 405(g)] is a 'prevailing party' for purposes of the EAJA and is eligible to apply for EAJA attorney's fees." *Gallo v. Astrue*, No. 10-CV-1918, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993)); *see also Madigan v. Kijakazi*, No. 19-CV-5725, 2023 WL 4348524, at *5 (S.D.N.Y. July 5, 2023) (same); *Finch v. Saul*, No. 17-CV-892, 2020 WL 1940308, at *2 (S.D.N.Y. Apr. 22, 2020) ("A litigant who has received a remand is a prevailing party.").

Regarding the "substantially justified" factor, "[t]he [g]overnment bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *accord Santiago*, 2023 WL 21853, at *2 (same); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (explaining that the Commissioner bears the burden of demonstrating that her litigation position was substantially justified).

4

B. Analysis

As an initial matter, the Court highlights that, in failing to oppose Plaintiff's Motion, the Commissioner effectively concedes that Plaintiff meets the EAJA's eligibility requirements set forth in *Jean*, 496 U.S. at 158. *See Appling v. Kijakazi*, No. 21-CV-5091, 2023 WL 4863744, at *3 (S.D.N.Y. July 31, 2023) ("In failing to oppose the [EAJA fees m]otion, the Commissioner has conceded that [the plaintiff] is a 'prevailing party' and that the Commissioner's position in the litigation was not 'substantially justified.'"); *Nashid v. Colvin*, No. 12-CV-8564, 2014 U.S. Dist. LEXIS 110755, at *4 (S.D.N.Y. Aug. 4, 2014) (granting unopposed motion for attorney's fees under the EAJA, explaining that "there is nothing in the record that suggests, let alone demonstrates, that the denial of plaintiff's application for SSI benefits was substantially justified"), *report and recommendation adopted*, 2014 WL 4824680 (S.D.N.Y. Sept. 25, 2014); *Soto v. Astrue*, No. 09-CV-3238, 2010 WL 2026269, at *1 (E.D.N.Y. May 19, 2010) (granting unopposed motion for attorney's fees under the EAJA, holding that "[t]he [g]overnment has effectively conceded that it cannot meet [its] burden since it has not opposed the fee application").

Nevertheless, the Court notes, first, that Plaintiff timely filed his Motion. Under 28 U.S.C. § 2412(d)(1)(B), an application for fees must be filed within 30 days from the entry of final judgment. The "final judgment" referred to in the EAJA arises—and the 30-day period for an EAJA fee applications begins—when the Commissioner's time to appeal expires. *See Tamburri v. Berryhill*, No. 16-CV-5784, 2018 WL 1175141, at *1 (E.D.N.Y. Mar. 5, 2018); *see also Santiago*, 2023 WL 21853, at *2 (same). Here, the deadline to file an appeal was 60 days after the date the judgment was entered—i.e., July 27, 2021, *see* Fed. R. App. P. 4(a)(1)(B)(ii)—and Plaintiff filed his Motion within the 30-day period that followed. (*See* Not. of Mot. (filed August 26, 2021).)

5

Next, the Court finds that Plaintiff was the prevailing party, as the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g).  *See Coleman v. Comm'r of Soc. Sec.*, No. 21-CV-76, 2022 WL 669881, at *2 (S.D.N.Y. Mar. 7, 2022) (determining that the plaintiff was the prevailing party where the court had so-ordered a stipulation "remanding the action for additional administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g)"); *see also Finch*, 2020 WL 1940308, at *2 ("A litigant who has received a remand is a prevailing party.").  And, again, the Court finds that the Commissioner's failure to oppose the Motion constitutes a concession that it could not meet its burden to show that its position in this case was substantially justified.  *See Appling*, 2023 WL 4863744, at *3 (noting that the Commissioner's failure to oppose the plaintiff's EAJA fees application was a concession that her "position in the litigation was not 'substantially justified'" and collecting cases); *see also Garcia v. Comm'r of Soc. Sec.*, No. 20-CV-7201, 2022 WL 1684280, at *1 (S.D.N.Y. May 26, 2022) ("In light of the Commissioner's failure to oppose the motion for EAJA fees, the Court cannot conclude that the Commissioner's position was substantially justified[.]"); *Soto*, 2010 WL 2026269, at *1 (similar).  Additionally, based on an independent review of the record, the Court finds that "there are no special circumstances that militate against an EAJA award[.]"  *Patterson v. Comm'r of Soc. Sec.*, No. 20-CV-4591, 2021 WL 4125013, at *1 (S.D.N.Y. Sept. 9, 2021); *see also Soto*, 2010 WL 2026269, at *1 (highlighting, where the Commissioner did not oppose an EAJA fees motion, that "[t]he [c]ourt is unaware of any 'special circumstances' that counsel against an EAJA award").

Having determined that the Plaintiff satisfies the requirements described in *Jean*, 496 U.S. at 158, the Court turns to considering whether the fees and expenses Plaintiff seeks are reasonable.  The EAJA provides that "fees awarded [thereunder] . . . shall be based upon

prevailing market rates for the kind and quality of the services furnished, except that . . . attorney

fees shall not be awarded in excess of $125 per hour unless the court determines that an increase

in the cost of living" is justified.  28 U.S.C. § 2412(d)(2)(A).  A district court has "broad

discretion" in determining what constitutes a reasonable award of attorney's fees under the

EAJA.  *See Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).  "Cost of

living adjustments may be made for inflation and calculated based upon the corresponding

Consumer Price Index ('CPI') for each year in which services were performed."  *Santiago v.

Comm'r of Soc. Sec.*, No. 19-CV-4001, 2020 WL 7335310, at *3 (S.D.N.Y. Dec. 14, 2020)

(citing *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 (2000)); *see also Jimenez ex rel. D.S.J. v.

Comm'r of Soc. Sec.*, No. 21-CV-2030, 2023 WL 7304680, at *2 (S.D.N.Y. May 31, 2023)

("Determining counsel's hourly rate under the EAJA involves applying a cost-of-living

adjustment, as measured by the [CPI], to the statutory ceiling of $125.00 per hour set by the

EAJA on March 29, 1996." (citation omitted)), *report and recommendation adopted*, 2023 WL

6533501 (S.D.N.Y. Oct. 6, 2023).  "Because the CPI fluctuates, appropriate CPI-adjusted rates

will vary from year to year."  *See Jimenez*, 2023 WL 7304680, at *2 (citing, inter alia, *Garcia*,

2022 WL 1684280, at *1–2).  "The hourly rate should only be increased by the corresponding

CPI for each year in which the legal work was performed."  *Garcia*, 2022 WL 1684280, at *1

(citation omitted).

Here, Plaintiff seeks to recover certain expenses—specifically, the $400.00 fee incurred

in connection with filing the Complaint and $21.00 for the "expenses of serving the summons

and [C]omplaint by certified mail"—as well as $6,862.65 in attorney's fees.  (Bowes Decl. ¶ 28.)

With respect to the expenses that Plaintiff seeks, which are not opposed, the Court concludes that

such expenses are reasonable and recoverable here.  *See Barbour v. Colvin*, 993 F. Supp. 2d 284,

292 (E.D.N.Y. 2014) ("Reasonable out-of-pocket expenses are generally reimbursed as a matter

of right in connection with an award of attorneys' fees."); *see also Aston*, 808 F.2d at 12 (noting

that "all costs normally billed to [a] client [are] recoverable under [the] EAJA" (citation

omitted)).  Thus, the Court awards Plaintiff the $421.00 in expenses that he seeks.  *See*

*Patterson*, 2021 WL 4125013, at *2, 4 (awarding the plaintiff $400.00 in costs where the

Commissioner failed to oppose the recovery of such costs).

Turning to the attorney's fees, Plaintiff seeks $6,862.65, based on 33.2 hours worked in

2018, 2019, and 2021.[1]  (*See* Bowes Decl. ¶ 28 (explaining that Plaintiff calculated $6,862.65 by

multiplying "the number of hours for which EAJA payment is sought"—i.e., 33.2 hours—"by

the applicable EAJA [billing] rate").)  Upon review of Plaintiff's Motion and supporting papers,

the Court finds that—with one exception—the total hours billed for this matter are reasonable in

light of the issues presented, counsel's experience, and the quality of representation provided.

*See Forrest v. Colvin*, No. 15-CV-1573, 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016)

(noting that "[c]ourts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to

spend on a routine Social Security case" and collecting cases).  The Court takes issue only with

the billing entry for 1.2 hours, dated January 18, 2021.[2]  The "[a]ction" associated with that entry

is the "initial review of [Plaintiff's] file for completeness/accuracy."  (Bowes Decl. Ex. A.)  It is

unclear to the Court why counsel would bill for an "initial review" of his client's "file" well after

---

[1] Although Plaintiff dates one billing entry as having occurred on July 10, 2020,
context—including the fact that Plaintiff provides the rate applicable to 2019 billing entries for
that entry—makes clear that those services were provided on July 10, *2019*.  (*See* Bowes Decl.
Ex. A.)

[2] As above, it appears that Plaintiff meant to date this billing entry as January 18, *2019*,
given where it is listed in Exhibit A to the Bowes Declaration and the fact that the associated
billing rate is the rate listed for all 2019 billing entries.  (*See* Bowes Decl. Ex. A.)

he filed the Complaint in this Action, nor whether this work was also provided in connection

with other, earlier entries Plaintiff seeks to recover, such as the June 14, 2018 entry for a "follow

up review of [Plaintiff's] files" (1.3 hours) or the July 19, 2018 entry for "interviewing [Plaintiff

and addressing past work" (1.4 hours). (*Id.*) Thus, the Court finds this entry to be unreasonable

and duplicative, and will therefore decline to award the 1.2 hours in fees sought therefrom. *See*

*Yulfo-Reyes v. Berryhill*, No. 17-CV-2015, 2019 WL 582481, at *5 (D. Conn. Feb. 13, 2019)

(reducing, in the EAJA context, awardable time billed by approximately nine hours in light of

"excessive and/or duplicative time billed" by the plaintiff's counsel); *Rodriguez v. Colvin*, No.

15-CV-1037, 2016 WL 4126416, at *3 (D. Conn. Aug. 3, 2016) (reducing counsel's time in

connection with an EAJA fee motion by six hours based on billing entries that the court

determined were duplicative).

      With respect to the attorney billing rate, counsel's work was spread across 2018 (5.2

hours), 2019 (25 hours),[3] and 2021 (1.8 hours), (*see* Bowes Decl. Ex. A), and the Motion

rightfully includes separate CPI-adjusted rates for each of those years, *see Patterson*, 2021 WL

4125013, at *2 & n.1 (evaluating and assessing EAJA fees based on various billing rates

depending on the year in which the relevant attorney work was performed); *see also Garcia*,

2022 WL 1684280, at *2 (similar). In particular, Plaintiff seeks $203.58 per hour for work

performed in 2018, $206.84 per hour for work performed in 2019, and $213.79 per hour for work

performed in 2021. (*See* Bowes Decl. Ex. A.)[4] The Court finds these billing rates to be

reasonable under the EAJA and consistent with (and generally lower than) rates approved by

---

      [3] Accounting for the discounted 1.2 hours discussed above.

      [4] In support of these rates, Plaintiff filed tables along with his Motion, reflecting EAJA hourly rates based on the cost of living adjustment for the New York region. (*See* Bowes Decl. Ex. B.)

other courts in this District for attorney work performed in 2018, 2019, and 2021.  *See Garcia*, 2022 WL 1684280, at *2 (applying an hourly rate of $219.45 "for attorney work performed in 2021"); *Patterson*, 2021 WL 4125013, at *2 & n.1 (applying an hourly rate of $216.41 for attorney work completed in 2021); *Martin v. Comm'r of Soc. Sec.*, No. 19-CV-1831, 2020 WL 2793022, at *2 (S.D.N.Y. May 29, 2020) (approving rate of $207.94 per hour for work performed in 2019); *R.F.M. v. Nielsen*, No. 18-CV-5068, 2020 WL 6393583, at *3 (S.D.N.Y. May 4, 2020) (applying a rate of "$203.58 per hour for time billed in 2018"), *report and recommendation adopted*, 2020 WL 6393718 (S.D.N.Y. May 20, 2020).

In sum, the breakdown of Plaintiff's EAJA fee award is as follows—(1) 2018 attorney time: 5.2 hours × $203.58 per hour = $1,058.61; (2) 2019 attorney time: 25 hours × $206.84 per hour = $5,171.00; and (3) 2021 attorney time: 1.8 hours × $213.79 = $384.82.  Together, those figures add up to $6,614.43, which, when combined with the $421.00 in expenses discussed above, amounts to a total award of $7,035.43.

## III.  Conclusion

For the reasons stated above, Plaintiff's Motion is granted in part.  The Commissioner shall pay Plaintiff $7,035.43.  The Clerk is respectfully directed to terminate the pending Motion. (*See* Dkt. No. 23.)

SO ORDERED.

Dated:   February 21, 2024
         White Plains, New York

_____
       KENNETH M. KARAS
       United States District Judge

10